ORIG.

**FILED**
JEFFREY A. APPERSON, CLERK

APR 19 2007

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM S. LEWIS, et al                                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:04CV-259-S

UNITED PARCEL SERVICE, INC., et al                         DEFENDANTS

## JURY INSTRUCTIONS

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The rules of evidence permit a witness who by education and experience has become expert in a profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such expert opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as an individual.  All persons, including corporations, stand equal before the law.

It was the duty of the defendant, Elmer Hall, Jr., in driving the UPS vehicle to exercise ordinary care for the safety of other persons using the roadway, and this general duty included the following specific duties:

(a) to keep a lookout for other vehicles near enough to be affected by the intended movement of his vehicle;

(b) to have his vehicle under reasonable control;

(c) to stop his vehicle before entering an intersection when facing a red traffic control signal;

(d) Upon entering the intersection, to exercise ordinary care to observe the presence and avoid collision with any other conflicting traffic which may already have entered the intersection but had not yet cleared through it;

(e) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway; and

(f) to exercise ordinary care generally to avoid collision with other vehicles on the roadway, including the vehicle driven by William Lewis.

A vehicle facing a steady yellow signal is being warned that a red signal will be exhibited thereafter when vehicles may not enter the intersection. A vehicle which has entered an intersection on a green or yellow signal is allowed to complete a turn even if the signal changes to red during that movement.

"Ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

If you believe from the evidence that it is more likely true than not true that Elmer Hall, Jr. failed to comply with one or more of the duties set forth above and that such failure was a substantial factor in causing the collision, you will find in favor of the plaintiffs. Otherwise, you will find in favor of the defendants. You will record your verdict on Verdict Form A.

If you have found in favor of the plaintiffs on Verdict Form A, you will proceed to the next instruction.

If you have found in favor of the defendants on Verdict Form A, you will end your deliberations and return to the courtroom.

It was the duty of the plaintiff, William Lewis, in driving the pickup vehicle to exercise ordinary care for the safety of himself, his passengers, and other persons using the roadway, and this general duty included the following specific duties:

(a) to keep a lookout for other vehicles near enough to be affected by the intended movement of his vehicle;

(b) to have his vehicle under reasonable control;

(c) to stop his vehicle before entering an intersection when facing a red traffic control signal;

(d) Upon entering the intersection, to exercise ordinary care to observe the presence and avoid collision with any other conflicting traffic which may already have entered the intersection but had not yet cleared through it;

(e) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the roadway; and

(f) to exercise ordinary care generally to avoid collision with other vehicles on the roadway, including the vehicle driven by Elmer Hall, Jr.

"Ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

If you believe from the evidence that it is more likely true than not true that William Lewis failed to comply with one or more of the duties set forth above and that such failure was a substantial factor in causing the collision about which you have heard evidence, you shall determine the percentage of total fault for the accident attributable to Elmer Hall, Jr. and William Lewis, respectively. The total of the percentages you assign must equal 100%. In determining the percentages of fault you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between his conduct and the damages claimed. You will record your verdict on Verdict Form B, and proceed to the next instruction.

Disregarding the fault of any person, you will determine from the evidence what sum or sums of money, if any, will reasonably compensate plaintiffs for such of the following damages as you believe from the evidence such plaintiff sustained as a direct result of the collision:

**William Lewis:**

(a) reasonable and necessary past medical expenses;

(b) past pain and suffering;

(c) future impairment of earning capacity;

(d) future pain and suffering.

**Samantha McStoots:**

(a) reasonable and necessary past medical expenses;

(b) past pain and suffering;

(c) reasonable and necessary future medical expenses;

(d) future pain and suffering.

**Fallon Woodall:**

(a) reasonable and necessary past medical expenses;

(b) past pain and suffering;

(c) reasonable and necessary future medical expenses;

(d) future pain and suffering.

You will record your verdicts on Verdict Form C, end your deliberations and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.